# Lycoming County, Appellant, *v.* Straub.

*Tax collector—Bond—Surety—Payment—Judgment—Execution.*

Where a county enters up a judgment against a tax collector and his surety, and issues execution, and the surety pays a balance claimed on the judgment, and the surety is informed when he makes the payment that this was all that the tax collector owed the county, the county cannot thereafter, and after the death of the tax collector, enter a second judgment against the surety, and maintain such judgment,

without showing that there had been an error in the original judgment. On the trial of an issue to determine the validity of the second judgment, the county treasurer's declarations made to the surety at the time of the payment of the balance on the original judgment, are admissible as against the county.

Argued March 7, 1907.   Appeal, No. 15, March T., 1907, by plaintiff, from order of C. P. Lycoming Co., March T., 1898, No. 134, directing judgment for defendant non obstante veredicto in case of Lycoming County v. John Straub.   Before RICE, P. J., PORTER, HENDERSON, MORRISON, HEAD and BEAVER, JJ.   Affirmed.

Issue to determine the validity of a judgment.   Before HART, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff for $331.88.

The court subsequently entered judgment for defendant non obstante veredicto.

*Errors assigned* were (1) in overruling objection to the declarations of the county treasurer ; (2) portion of the opinion of the lower court quoted in opinion of the Superior Court.

*J. F. Strieby*, for appellant, cited : Harbaugh v. Butner, 148 Pa. 273 ; Zinnel v. Bergdoll, 9 Pa. Superior Ct. 522 ; Miller v. City of Bradford, 19 Pa. Superior Ct. 297.

*Charles J. Reilly*, with him *Jos. R. Straub*, for appellee.

OPINION BY BEAVER, J., April 15, 1907 :

On November 14, 1893, a judgment was entered by the county of Lycoming upon the transcript or certificate of the county commissioners, against George Getler, as tax collector of state and county taxes for the fourth ward of the city of Williamsport, for the said year 1893, for the sum of $9,016.99, the full amount of the° duplicate charged to said collector for said year.

On May 10, 1897, a fi. fa. was issued on said judgment for $3,399.19, the balance of taxes for said year (1893) then claimed by the county of Lycoming to be due and owing from

the said George Getler. · The whole amount for which the
said fi. fa. was issued is alleged to have been paid to the county,
either by Getler, by a sale of his property, or by his bail.   Of
this sum, John Straub, the defendant, as one of the bail for
said Getler, on October 29, 1897, paid the sum of $547.44, a
receipt for which was given him by the treasurer of the county.
Straub testifies that,· when he paid this balance, the county
treasurer informed him that this was all Getler owed the
county.   It is alleged that since that payment Getler has died.

Subsequently, December 23, 1897, the solicitor of the county,
upon a statement made by the treasurer, accompanied by a
copy of the bond of Getler, entered judgment against Getler
and Straub for the sum of $217.48, upon a warrant of attorney
contained in the bond, the amount for which judgment was
entered being claimed as a balance due the county from Getler,
as tax collector aforesaid.   Upon Straub's application, the
judgment was opened and an issue formed. to determine what,
if anything, was due from Straub, as the bail of Getler, to the
county.   A verdict was directed for the plaintiff by the court
below and the trial judge, on a reserved point, entered judg-
ment for the defendant n. o. v.

Upon the trial, the defendant was offered as a witness to
prove that, at the time he paid the balance upon the fi. fa.,
issued upon the judgment entered against Getler for the full
amount of his duplicate, the county treasurer to whom he
paid the balance told him, when he gave the receipt, that the
payment settled Getler's indebtedness to the county in full.
The objection was that the treasurer's declarations were not
evidence, "not being in the presence of the county or any au-
thorized agents of the county."   The testimony of the witness
was admitted, on the ground, as stated by the court, that "he
(the county treasurer) was the authorized agent of the county
to receive the taxes from the tax collector."   In this we think
there was no error.

By the provisions of the Act of April 15, 1834, P. L. 537,
sec. 37, it is made, "the duty of every county treasurer to re-
ceive all moneys due or accruing to the county, and to pay
the same on warrants drawn by the commissioners.   The
county treasurer was, therefore, the only person legally au-
thorized to receive the money due the county, was by virtue of

his office its representative or agent, and the testimony was, therefore, entirely competent.

The second assignment of error is based upon the clause in the opinion of the court, entering judgment for defendant n. o. v., as follows: " The contention of the defendant is, that having shown that the full amount of the judgment entered by the county plaintiff against George Getler to No. 405, December Term, 1893, as tax collector, on the duplicate of 1893, was paid by George Getler and by John Straub, his bail, the burden was thereby cast upon the county plaintiff to show, either in chief or by way of rebuttal before the plaintiff could recover, that there had been an error in this original judgment or fi. fa. issued thereon.   In this contention we believe the defendant is right."   The original judgment having been entered for the full amount of the duplicate of the tax collector and a fi. fa. issued thereon for the alleged balance due, which said balance was admittedly fully paid, it seems to us clear that the county could not recover upon practically the same cause of action, without in some way showing that there had been an error in the amount for which the said fi. fa. was issued.

Independently of the testimony of the defendant that the treasurer informed him that his payment, as bail for Getler, was in full of his (Getler's) indebtedness to the county, we think he had a right to presume that the execution issued by the county was for the full balance due from Getler upon his duplicate.   If the fi. fa. was for a less amount than was due, it was a wrong to the bail, for, Getler being then living and having property, the full amount due might have been made on the execution.   Whether the county was estopped by its action in this behalf we need not now consider, but surely it could not recover against the bail without showing that some error in calculation or otherwise had been made at the time the execution was issued.   Having failed to do this, it seems to us it failed in a vital point in its case and could not recover.   It follows, of course, that judgment was properly entered n. o. v. for the defendant.

The court in its opinion recites certain facts as having been established which would have been fairly for the jury, if the plaintiff had made out a prima facie case, or after the record of the judgment against Getler had been introduced in evidence

had rebutted the presumption which arose from the issuing of the fi. fa. thereon and the payment of the amount claimed thereby. So in regard to the testimony of the defendant as to the declarations of the treasurer as to his payment being in full of what Getler owed the county. These are in no way material to the final disposition of the case; and, even if the court was in error in assuming that they were established, without their submission to the jury, they in no way interfere with the integrity of the conclusion reached and the entry of the judgment n. o. v. for defendant.

Judgment affirmed.